James G. Snell, Bar No. 173070
JSnell@perkinscoie.com
Brendan S. Sasso, Bar No. 332134
BSasso@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:    (650) 838-4300
Facsimile:     (650) 838-4350

Keith Ketterling, *pro hac vice* application forthcoming
kketterling@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:     (503) 227-6840

*Attorneys for Defendant Columbia Sportswear Co.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA SPORTSWEAR CO., an Oregon corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT**<br><br>[Removed from The Superior Court of the State of California for the County of Orange, Case No. 30-2022-01273036-CU-MT-CXC]<br><br>Complaint Filed:  August 2, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Columbia Sportswear Co. ("Columbia") hereby removes this civil action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California under 28 U.S.C. §§ 1332(d) and 1453. Columbia hereby provides a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. §1446(a).

## BACKGROUND

1. On August 2, 2022, Plaintiff Annette Cody commenced a civil action entitled *Annette Cody, individually and on behalf of all others similarly situated v. Columbia Sportswear Co., an Oregon corporation; and DOES 1 through 25, inclusive,* Case No. 30-2022-01273036-CU-MT-CXC, in the Superior Court of the State of California, County of Orange. A true and correct copy of the served complaint ("Complaint") is attached as **Exhibit A**.

2. The Complaint alleges that Columbia uses "chatbot" and "replay" technology on its website to intercept electronic communications. Compl. ¶¶ 12–18.

3. The Complaints asserts a claim for violations of the California Invasion of Privacy Act. Cal. Penal Code § 631. *Id.* ¶ 31.

4. Plaintiff purports to bring the claim on behalf of herself and a proposed class, defined as "[a]ll persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, records, and / or monitored by Defendant without prior consent." *Id.* ¶ 19. Plaintiff seeks injunctive relief, statutory damages, punitive damages, and attorneys' fees. *Id.* at p. 7.

5. On August 10, 2022, Plaintiff effected service of process of the summons and complaint on Columbia. *See* Exhibit A. No other "process, pleadings, [or] orders" have been served on Columbia. *See* 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

6. This action is removable under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") if Plaintiff had

1  initially filed this action in federal court. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b)
2  (setting procedure for removing class actions). CAFA gives federal courts original jurisdiction
3  over putative class actions in which: (1) the aggregate number of members in the proposed class
4  consists of at least 100 members; (2) the parties are minimally diverse, meaning "any member of
5  a class of plaintiffs is a citizen of a State different from any defendant;" and (3) the aggregated
6  amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs."
7  28 U.S.C. § 1332(d)(2), (d)(5)(B).

8   7.   Based on the allegations as pled in the Complaint, which must be taken as true for
9  purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

### *The Proposed Class Consists of More Than 100 Members*

11  8.   CAFA defines "class action" as "any civil action filed under rule 23 of the Federal
12  Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action
13  to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).
14  The Complaint states that the Plaintiff brings "this class action on her own behalf and on behalf of
15  all other Californians similarly situated." Compl. ¶ 1. It is thus a putative class action for purposes
16  of CAFA.

17  9.   The proposed class is estimated by Plaintiff to be "in the tens of thousands, if not
18  more." *See* Compl. ¶ 20. It thus easily exceeds CAFA's requirement of at least 100 proposed
19  class members. *See* 28 U.S.C. § 1332(d)(5)(B).

### *Minimal Diversity Exists*

21  10.  Diversity under CAFA exists if "any member of a class of plaintiffs is
22  a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A corporation is
23  deemed to be a citizen of every state "by which it has been incorporated and . . . where it has its
24  principal place of business." 28 U.S.C. § 1332(c)(1).

25  11.  Plaintiff alleges she is a citizen of California. Compl. ¶ 7. The putative
26  class in this case is limited to persons within California. *Id.* ¶ 19.

27

12. Columbia is an Oregon corporation with its principal place of business in Oregon. *See* **Exhibit B**, Declaration of Kirsten Wallace in Support of Notice of Removal ("Wallace Decl."), ¶ 2. Columbia is thus a citizen of Oregon.

13. Accordingly, because all proposed class members are citizens of California, and Columbia, which is the only named defendant, is a citizen of Oregon, CAFA's minimal diversity requirement is satisfied. *See also*, 28 U.S.C. § 1453(b) (providing that, under CAFA, a putative class action may be removed to a district court "without regard to whether any defendant is a citizen of the State in which the action is brought").

### *The Amount in Controversy Exceeds $5,000,000*

14. To remove a case from state court, the defendant must plead only "a short and plain statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018). This standard is satisfied when it is "facially apparent" from the complaint that the claims likely exceed $5,000,000. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89. Moreover, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). It includes claims for monetary damages, restitution, penalties, attorneys' fees if recoverable by statute or contract, and punitive damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

15. Here, Plaintiff's Complaint plausibly alleges an amount in controversy in excess of $5,000,000, exclusive of interest and costs.

16. The Complaint alleges that the California Invasion of Privacy Act authorizes statutory penalties of $5,000 per violation. Compl. ¶ 31. Given that the Complaint alleges the class is estimated "in the tens of thousands, if not more," *see* Compl. ¶ 20, the Complaint plausibly alleges damages exceeding $5,000,000. In addition, since August 2, 2021, at least 1,001 unique individuals from California have visited the columbia.com website. Wallace Decl., ¶ 3.

1  *See also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("The parties [in a removal to federal court] may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal.") (citations omitted). Because each of those individuals, according to Plaintiff's allegations, could claim at least $5,000 per violation, the complaint plausibly alleges damages exceeding $5,000,000. The Complaint thus satisfies the amount in controversy requirement. *See Fritsch*, 899 F.3d at 788 ("The notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]") (citations omitted).

17. By the statements contained in this Notice of Removal, Columbia does not concede that Plaintiff is entitled to any damages or other relief.

### *None of CAFA's Exceptions Bar Removal*

18. This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

19. Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); see also 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because all the proposed class members are citizens of California, and Columbia is a citizen of Oregon, not California.

20. Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (limiting § 1332(d)(2) to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance

laws). Those provisions do not bar jurisdiction here because Plaintiff's claim does not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor does it involve state-centric corporate governance issues.

### PROCEDURAL STATEMENT

#### *All Defendants Consent to Removal*

21. Only Columbia has been named as a defendant and served as of the filing of this Notice of Removal.

#### *This Filing Is Timely*

22. Plaintiff served Columbia on August 10, 2022. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because Columbia filed it within 30 days after it was served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 47-48 (1999) (30-day removal period is not triggered until formal service); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

#### *Venue of Removed Action*

23. Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(a) and 1441(a), because this "district and division embrac[e]" Orange County, where the Complaint was initially filed.

#### *Notice to the State Court and Plaintiff*

24. Pursuant to 28 U.S.C. § 1446(d), Columbia is filing a copy of this Notice of Removal with the Superior Court of the State of California, County of Orange, where this case was originally filed, and providing written notice of this removal to Plaintiff by serving Plaintiff's counsel with a Notice of Removal

#### *Pleadings in the State Court*

25. In accordance with 28 U.S.C. § 1446(a), copies of all processes, pleadings, minutes, and orders served upon Columbia in this action are attached as Exhibit A. A true and correct copy of the Orange County Superior Court docket for this action is attached as **Exhibit C**.

## NON-WAIVER OF DEFENSES

26. Columbia expressly reserves all its defenses. By removing the action to this Court, Columbia does not waive any rights or defenses available under federal or state law. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit. In addition, Columbia does not concede that Plaintiff states any claim upon which relief can be granted, or that Plaintiff or the putative class are entitled to any relief of any kind or nature. *See Lewis*, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (plaintiffs should not "conflat[e] the amount in controversy with the amount of damages actually recoverable."). If any questions arise as to the propriety of the removal of this action, Columbia respectfully requests the opportunity to submit additional papers and to present oral argument.

WHEREFORE, Columbia hereby removes the above-entitled case to this Court.

DATED this 7th day of September, 2022.

>PERKINS COIE LLP
>
>By: s/James G. Snell
>    James G. Snell
>    Brendan S. Sasso
>
>3150 Porter Drive
>Palo Alto, CA  94304-1212
>Telephone: (650) 838-4300
>Facsimile:  (650) 838-4350
>Email:      JSnell@perkinscoie.com
>Email:      BSasso@perkinscoie.com
>
>STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.
>Keith Ketterling, *pro hac vice* application forthcoming
>209 SW Oak Street, Suite 500
>Portland, OR  97204
>Telephone: (503) 227-1600
>Facsimile:  (503) 227-6840
>Email:      kketterling@stollberne.com
>
>*Attorneys for Defendant Columbia Sportswear Co.*

**PROOF OF SERVICE**

I, KC Davis, declare:

I am a citizen of the United States and employed in San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 505 Howard Street, Suite 100, San Francisco, California 94105. On September 7, 2022, I served a copy of the within document(s):

**NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT**

☒ by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a FedEx agent for delivery.

☒ by transmitting via my electronic service address (kcdavis@perkinscoie.com) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Scott J. Ferrell, Esq. (sferrell@pacifictrialattorneys.com)
David W. Reid, Esq. (dreid@pacifictrialattorneys.com)
Victoria C. Knowles, Esq. (vknowles@pacifictrialattorneys.com)
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 7, 2022, at Dublin, California.

*KC Davis*
KC DAVIS